# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER YOUNG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACCOUNT MARKETING SERVICES, ) <br> ) <br> Defendant. ) <br>  ) | No. 10-2119-CM-JPO |

## MEMORANDUM AND ORDER

Plaintiff Walter Young brings this action *pro se* and *in forma pauperis* against defendant Accent Marketing Services, LLC, ("Accent") (misidentified in the case caption as Account Marketing Services), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq*. Before the court is defendant's Motion for Judgment on the Pleadings (Doc. 23). For the reasons set out below, the court grants defendant's motion.

### I.     Factual and Procedural Background

Plaintiff, who is African-American, alleges that, from September 2008 through July 2009, he was harassed daily, was discriminated against, was retaliated against, and was ultimately terminated based on his race. He seeks damages in the amount of $150,000.

Defendant seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds of lack of personal jurisdiction, improper venue, insufficient process, and insufficient services of process. Plaintiff failed to file a timely response to the motion. On May 17, 2010, the court issued an order directing plaintiff to show cause why defendant's motion should not be granted pursuant to Rule 7.4 of the District of Kansas Local Rules, and directing plaintiff to file his response, if any, to the pending motion for judgment on the pleadings on or before June 4, 2010.

Plaintiff submitted a "response" on May 19, 2010. In it, plaintiff "object[s]" to defendant's motion, "since the scheduling process has already begun." (Doc. 32.) Plaintiff expresses concern that defendant is attempting to take advantage of him because he is not a lawyer. He claims he brought the lawsuit in good faith, and that he hopes to be treated fairly.

Although the court liberally construes plaintiff's filings, the response filed in answer to this court's order to show cause neither provides good cause excusing the plaintiff's failure to respond to defendant's motion, nor is it responsive to the arguments contained in defendant's motion. The court therefore addresses defendant's substantive arguments without the benefit of plaintiff's position on these arguments.

**II.    Standards**

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). The court construes any reasonable inferences from these facts in favor of plaintiff.

*Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). However, a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants); *Heistand v. Coleman*, No. 08-3292-CM, 2009 WL 3336008, 2–3 (D. Kan. 2009) (same).

**III.     Analysis**

    **Personal Jurisdiction Fed. R. Civ. P. 12(b)(2)**

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In order to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id.* The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed,

and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Whether this court has personal jurisdiction over a moving nonresident defendant is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982); *see also* Fed. R. Civ. P. 4(e). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)), the court proceeds to determine whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990).

The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see Trujillo v. Williams*, 465 F.3d 1210, 1217–18 (10th Cir. 2006).

The minimum contacts standard is also satisfied, and a court may maintain general jurisdiction over a nonresident defendant, based on a defendant's "continuous and systematic"

general business contacts with the forum state. *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984).

Nothing in plaintiff's complaint demonstrates that defendant purposefully directed any activities toward Kansas, nor does it allege that the action is based on any activities arising out of defendant's contacts with Kansas. Likewise, nothing in plaintiff's complaint suggests that defendant was engaged in systematic and continuous activity in Kansas, nor does the court believe plaintiff could allege facts sufficient to support such a conclusion.

On the contrary, the only relevant information before the court indicates that defendant is a Delaware corporation, headquartered in Indiana, with no operations in Kansas. Defendant asserts by way of affidavit that it does not transact or solicit or hold itself out as doing business in Kansas. Plaintiff was employed in defendant's Kansas City, Missouri, branch office, and the only connection between plaintiff's cause of action and the defendant's contacts with Kansas is that plaintiff resides in Kansas. (Doc. 24-1, at 2–3.) This is insufficient to confer personal jurisdiction over defendant in accord with constitutional or statutory constraints. *Worthington v. Small*, 46 F. Supp. 2d 1126, 1133 (D. Kan. 1999) (citing *Continental Am. Corp. v. First Nat'l Bank*, No. 93-1415-MLB, 1994 WL 326771, at *3 (D. Kan. June 22, 1994)).

While failure to set forth clear and particularized jurisdictional allegations is not necessarily fatal to a *pro se* party's case, the court will not construe the plaintiff's complaint to create jurisdiction where there is none. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1270 (D. Kan. 2008). Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when authorized. *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24, 2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is

lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The court is sensitive to plaintiff's *pro se* status, but that status does not relieve him of the obligation to comply with procedural and other requirements of filing a cause of action. While this defendant may be subject to suit in a different court, the United States District Court for the District of Kansas lacks jurisdiction over defendant. Because both specific and general personal jurisdiction are lacking, *see Trujillo*, 465 F.3d at 1217–18, the court grants defendant's motion for judgment on the pleadings. The court therefore need not address defendant's other arguments in support of its motion.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment on the Pleadings (Doc. 23) is granted.

Dated this 15th day of June 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**